ON APPLICATION FOR REHEARING
FRUGÉ, Judge
(dissenting).
Being of the opinion that “the trial judge was correct”, I dissented from the majority opinion. Hereinafter I dissent with written reasons from the majority’s denial of Muller’s application for rehearing.
The record contains an agreement signed by F. J. Muller and Louisiana Intrastate Gas Corporation (LIG) labeled “Ratification of Gas Purchase Contract and Lique-fiable Carbon Purchase Agreement”. I find, as did the trial judge, that this agreement is simply a buy and sell contract whereby LIG is to buy and Muller is to sell gas produced from the Lawson Field in Acadia Parish, Louisiana. This conclusion I reach from a reading of paragraph one of the agreement:
“Seller agrees to sell and deliver and Buyer agrees to purchase and take gas under the terms, conditions, and limitations. . . .”
Singly, Muller was obligated to sell and deliver to LIG all the gas produced from the Lawson Field, and correspondingly LIG had the duty to receive this gas and indemnify Muller for it, based upon periodic accounting statements. The only issue for this court to determine follows: Did the trial judge commit manifest error in holding that the contract should be cancelled because LIG failed to make payment for an excessive period of time? The majority finds manifest error and reverses “based on a faulty finding of fact”.
The trial court found that LIG was not relieved from the responsibility of paying for the gas as long as it was actually taking the gas in question. I agree with that determination. Muller’s only obligation under the contract, as I read it, was to continue making delivery of gas; this obligation was fulfilled.
*922 The majority opinion states:
“By refusing to inform LIG how much of the commingled stream of gas delivered each month was Muller’s, Muller violated his second obligation, that of warranty of the thing which he sells.”
As can clearly be discerned from a reading of the contract between the parties, it was the obligation of the buyer LIG to provide Muller with a statement showing the amount of gas delivered during that period. The majority opinion erroneously places this burden on Muller. I submit that nowhere in the record is found an obligation by Muller to furnish information in order to justify the payment to him by LIG for gas delivered.
The facts that LIG contracted with other parties; that other parties were in the gas gathering system; and that other parties might be affected by Muller’s actions are inconsequent to the issue at hand: validity vel non of the contract. LIG has defaulted under the obligations of the contract by failing to pay for the gas delivered. I am unable to find one specific instance of Muller breaching his duties under the contract; his duty being that of delivery.
I agree with the trial court that Muller’s ratification of the Lawson Agreement was valid, and that LIG complied fully with its contractual obligations through October 1, 1966. LIG subsequently did not comply with the contract in that it failed to pay Muller for his share of the gas for an excessive period of time. Therefore, the contract should have been dissolved effective October 1, 1966.
Finding erroneous conclusions by the majority and bearing in mind at all times the great weight which attaches to findings by the trial judge, I respectfully dissent from a denial of a rehearing.